

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FIREMAN'S FUND INSURANCE COMPANY<br>777 San Marin Drive<br>Novato, California, 94998<br><br>580 & 530 SWEDESFORD ASSOCIATES, L.P.<br>1 Presidential Boulevard, Suite 300<br>Bala Cynwyd, Pennsylvania, 19004<br><br>KEYSTONE PROPERTY GROUP, GP, LLC<br>1 Presidential Boulevard, Suite 300<br>Bala Cynwyd, Pennsylvania, 19004<br><br>Plaintiffs<br><br>v.<br><br>ZURICH-AMERICAN INSURANCE COMPANY<br>One Liberty Plaza<br>162 S. Broadway, 32nd Floor<br>New York, NY 10006<br>Defendant | JURY TRIAL DEMANDED<br><br>10<br><br>NO.<br><br>FILED<br>JUL -2 2010<br>MICHAEL E. KUNZ, Clerk<br>By_____ Dep. Clerk |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiffs, Fireman's Fund Insurance Company, 580 & 530 Swedesford Associates, L.P., and Keystone Property Group, GP, LLC, by and through their attorneys, Bennett, Bricklin & Saltzburg LLC, hereby assert this Complaint for Declaratory Judgment against Zurich-American Insurance Company in the above-captioned lawsuit, and aver as follows:

### Statement of Jurisdiction

1. Plaintiff, Fireman's Fund Insurance Company is a corporation duly organized under the laws of the state of California with a principal place of business located at 777 San Marin Drive, Novato, California.

2. Plaintiff, 580 & 530 Swedesford Associates, L.P., is a limited partnership which has

a principal place of business located at 1 Presidential Boulevard, Suite 300, Bala Cynwyd, Pennsylvania.

3. Plaintiff, Keystone Property Group, GP, LLC is a limited liability company which has a principal place of business located at 1 Presidential Boulevard, Suite 300, Bala Cynwyd, Pennsylvania.

4. Upon information and belief, defendant, Zurich-American Insurance Company, is a corporation duly organized under the laws of the state of New York with a principal place of business located at One Liberty Plaza, 165 Broadway, 32nd Floor, New York, New York 10006.

5. The amount in controversy, exclusive of interest and costs, is in excess of $150,000.00.

6. Subject matter jurisdiction exists in this Court pursuant to 28 U.S.C. § 1332.

7. A trial by jury of 12 is demanded.

### The Continuing Service Contract

8. 580 & 530 Swedesford Associates, L.P. ("Swedesford") owns and operates a property located at 530 East Swedesford Road, Wayne, Pennsylvania ("Subject Premises").

9. Keystone Property Group, GP, LLC ("Keystone") acts as the property manager for the Subject Premises.

10. Schindler Elevator Corporation ("Schindler") is a corporation with a principal place of business at 849 North Lenola Road, Suite 4, Moorestown, New Jersey, which is in the business of providing elevator maintenance services.

11. On August 25, 2005, Schindler entered into a "Continuing Service Contract" with Swedesford under which Schindler agreed to provide elevator maintenance services for the Subject

Premises. A true and correct copy of the Continuing Service Contract is attached as Exhibit A.

12. Pursuant to section 7.2 of the Continuing Service Contract, Schindler was required to procure insurance coverage, including commercial general liability insurance coverage with a general aggregate limit of $1,000,000, a products/complete operations aggregate limit of $1,000,000, and a per occurrence limit of $1,000,000. Id.

13. The commercial general liability insurance coverage was required to include an "Additional Insured - Owners, Lessors or Contractors" endorsement in favor Swedesford, Keystone, and their respective subsidiaries and affiliates, directors, officers, agents, servants and employees.

14. The commercial general liability insurance coverage was also required to include a Primary Insurance Clause providing that Schindler's insurance would be primary to any other insurance available to Swedesford, Keystone, and the other additional insureds.

15. The Continuing Services Contract was in full force and effect on August 29, 2006.

### The Dadario Lawsuit

16. On or about January 29, 2008, Gaetano Dadario filed a lawsuit against, *inter alia*, Swedesford and Keystone in the Court of Common Pleas of Chester County Pennsylvania, captioned Gaetano Dadario v. 580 and 530 Swedesford Associates, L.P. et al., at docket number 08-00924 ("The Dadario Lawsuit"). A true and correct copy of the complaint is attached as Exhibit B.

17. The complaint alleged that on August 29, 2006 Dadario was working in the Subject Premises as a security guard when he "was caused to trip and fall over the defective, uneven and/or irregular surface of the elevator floor as he attempted to enter the elevator on the third floor, resulting in serious and permanent injuries..." Exhibit B at ¶ 7.

18. The complaint alleged that Swedesford and Keystone were negligent in, *inter alia*,

failing to properly maintain the elevators, failing to employ reasonable skill in performing maintenance and inspection of the elevators, failing to remedy the uneven condition created by the elevator, and failing to warn of the uneven condition created by the elevator. Exhibit B at ¶ 9.

19. Dadario sought compensatory damages in an amount in excess of $50,000.

20. On or about January 9, 2009, Swedesford and Keystone filed a joinder complaint against Schindler in the Dadario Lawsuit. A true and correct copy of the joinder complaint is attached as Exhibit C.

21. The joinder complaint alleged that Schindler was obligated to inspect and maintain the elevators in the Subject Premises and that Schindler technicians had been working in the elevators in the days preceding Dadario's accident. Exhibit C at ¶¶ 5 and 11.

22. The joinder complaint alleged that Schindler was negligent and that its negligence caused Dadario's injuries in that Schindler, *inter alia*, failed to properly maintain the elevators, failed to employ reasonable skill in performing maintenance and inspection of the elevators, failed to remedy the uneven condition created by the elevator, and failed to warn of the uneven condition created by the elevator. Exhibit C at ¶ 15.

23. The joinder complaint also asserted claims for contractual defense and indemnity under the Continuing Service Contract and breach of contract for failure to procure the required insurance. Exhibit C.

24. As of the date of the filing of the instant complaint for declaratory judgment, the Dadario lawsuit remains in litigation in the Chester County Court of Common Pleas.

### The Fireman's Fund Insurance Policy

25. On August 29, 2006, Fireman's Fund Insurance Company insured Swedesford and

Keystone under an insurance policy, number S 82 MXX 80859513, and covering the policy period June 30, 2006 to June 30, 2007 ("Fireman's Fund Policy"). A true and correct copy of the Fireman's Fund Policy (redacted to exclude premium information) is attached as Exhibit D.

26. Pursuant to the terms of the commercial general liability coverage to the Fireman's Fund Policy, Fireman's Fund has assumed the defense of Swedesford and Keystone against the Dadario lawsuit.

27. Fireman's Fund has incurred and continues to incur costs and expenses in connection with the defense of Swedesford and Keystone in the Dadario lawsuit.

28. Pursuant to the terms of the Fireman's Fund Policy, Fireman's Fund may be required to indemnify Swedesford and Keystone for any judgment entered against them in the Dadario lawsuit.

### The Zurich-American Insurance Policy

29. On August 29, 2006, Zurich-American Insurance Company insured Schindler under a Commercial Insurance policy, number GLO 6445435-16, covering the policy period from January 1, 2006 to January 1, 2007 ("Zurich Policy"). A true and correct copy of the Zurich-American policy is attached as Exhibit E.

30. Upon information and belief, defendant has defended and continues to defend Schindler against the Dadario lawsuit and will indemnify any judgment entered against Schindler in the Dadario lawsuit.

### Swedesford and Keystone are Entitled to Coverage Under the Owner and Contractors Protective Liability Coverage to the Zurich Policy

31. The Zurich Policy includes an "Owners and Contractors Protective Liability Policy"

(OCPLP) covering operations defined as "Elevator Maintenance/Service at 530 & 580 East Swedesford Road, Wayne, PA" by designated contractor, "Schindler Elevator Corporation." Exhibit E at Owners and Contractors Protective Liability Policy Declarations.

32. 580 & 530 Swedesford Associates, L.P." is identified as the Named Insured on the OCPLP, and "Keystone Properties Group, Inc. & 580 & 30 Swedesford Associates, L.P." are designated as Additional Insureds on the OCPLP. Id.

33. The insuring agreement to the OCPLP coverage form provides, in part:

a. We will pay those sums that the Insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply....

b. This insurance applies to "bodily injury" and "property damage" only if:

(1) The "bodily injury" or "property damage" is caused by an "occurrence" and arises out of:

    (a) Operations performed for you by the "contractor" at the location specified in the Declarations; or

    (b) Your acts or omissions in connection with the general supervision of such operations; and

(2) The "bodily injury" or "property damage" occurs during the policy period....

Exhibit E at "Owners and Contractors Protective Liability Coverage Form - Coverage for Operations of Designated Contractor," Section I, ¶ 1.

34. Both Swedesford and Keystone are "Insureds" as defined by the OCPLP coverage form.

35. The Dadario Lawsuit is a "suit" which seeks damages for "bodily injury."

6

36. The Dadario Lawsuit seeks damages for bodily injury which arise out of the elevator maintenance/service operations performed by Schindler at the Subject Premises.

37. The Dadario Lawsuit also seeks damages for bodily injury which arise out of Keystone and Swedesford's acts or omissions in the general supervision of the elevator maintenance/service operations performed by Schindler at the Subject Premises.

38. The Dadario Lawsuit seeks damages for bodily injury which occurred during the policy period of the Zurich policy.

39. Pursuant to the OCPLP coverage in the Zurich Policy, defendant owes Keystone and Swedesford a defense against the Dadario Lawsuit and indemnification for any judgment entered against them in the Dadario Lawsuit.

40. The coverage afforded Keystone and Swedesford by the OCPLP coverage in the Zurich Policy is primary to, and may not seek contribution from, the coverage afforded to Keystone and Swedesford by the Fireman's Fund policy. Exhibit E at "Owners and Contractors Protective Liability Coverage Form - Coverage for Operations of Designated Contractor," Section IV, ¶ 8.

41. Pursuant to the Other Insurance Clause to the Fireman's Fund Policy, the Fireman's Fund Policy is excess over the Zurich Policy. See Exhibit D at "Commercial General Liability Coverage Form," Section IV, ¶ 4(b)(2).

42. Pursuant to the OCPLP coverage in the Zurich Policy, Fireman's Fund is entitled to reimbursement of all costs and expenses incurred in the defense of Keystone and Swedesford against the Dadario lawsuit, as well as reimbursement of any judgment entered against Swedesford and Keystone that Fireman's Fund may be required to indemnify.

### Swedesford and Keystone are Entitled to Coverage
### Under the General Liability Coverage to the Zurich Policy

43. The Zurich Policy includes General Liability insurance coverage for the named insured, Schindler Elevator Corporation. See Exhibit E at Coverage Change Endorsement "Broad Named Insured."

44. The Zurich Policy includes an "Additional Insured - Owners, Lessees or Contractors - Scheduled Person or Organization" endorsement. See Exhibit E at Form CG 20 10 07 04.

45. The Owners, Lessees or Contractors endorsement provides, in part:

**A. Section II - Who Is an Insured** is amended to include as an additional insured the person(s) or organization(s) shown in the Schedule, but only with respect to liability for "bodily injury", "property damage" or "personal and advertising injury" caused, in whole or in part, by:

1. Your acts or omissions; or

2. The acts or omissions of those acting on your behalf;

in the performance of your ongoing operations for the additional insured(s) at the location(s) designated above.

See Exhibit E at Form CG 20 10 07 04.

46. The "Schedule" to the Owners, Lessees or Contractors endorsement identifies the additional insureds as "Only those persons or organizations where required by written contract." See Exhibit E at Form CG 20 10 07 04.

47. The Continuing Service Contract required Schindler to name Swedesford and Keystone as additional insureds on its Commercial Liability insurance coverage.

48. The "Schedule" to the Owners, Lessees or Contractors endorsement identifies the location of covered operations as "Only those locations required by written contract." See Exhibit

8

E at Form CG 20 10 07 04.

49. The Continuing Service Contract applied to work performed at the Subject Premises. See Exhibit A at exhibit A.

50. The complaint and joinder complaint in the Dadario Lawsuit seek damages for "bodily injury" caused by Schindler's acts or omissions in the performance of its ongoing operations for Swedesford and Keystone under the Continuing Service Contract.

51. Pursuant to the Owners, Lessees or Contractors endorsement, Swedesford and Keystone are additional insureds on the General Liability coverage to the Zurich Policy.

52. The Zurich Policy includes an "Additional Insured - Designated Person or Organization" endorsement. See Exhibit E at Form CG 20 26 07 04.

53. The Designated Person or Organization endorsement provides, in part:

**Section II - Who Is An Insured** is amended to include as an additional insured the person(s) or organization(s) shown in the schedule, but only with respect to liability for "bodily injury", "property damage" or "personal and advertising injury" caused, in whole or in part, by your acts or omissions or the acts or omissions of those acting on your behalf:

A. In the performance of your ongoing operations; or

B. In connection with your premises owned by or rented to you.

Exhibit E at Form CG 20 26 07 04.

54. The "Schedule" to the Designated Person or Organization endorsement identifies the additional insureds as "Only those persons or organizations where required by written contract." See Exhibit E at Form CG 20 26 07 04.

55. The complaint and joinder complaint in the Dadario Lawsuit seek damages for "bodily injury" caused by Schindler's acts or omissions in the performance of its ongoing operations

for Swedesford and Keystone under the Continuing Service Contract.

56. Pursuant to the Designated Person or Organization endorsement, Swedesford and Keystone are additional insureds on the General Liability coverage to the Zurich Policy.

57. The insuring agreement to the General Liability coverage form provides, in part:

a. We will pay those sums that the Insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply....

b. This insurance applies to "bodily injury" and "property damage" only if:

(1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

(2) The "bodily injury" or "property damage" occurs during the policy period....

Exhibit E at "Commercial General Liability Coverage Form," Section I, ¶ 1.

58. The Dadario Lawsuit is a "suit" which seeks damages for "bodily injury" caused by an "occurrence" which took place within the "coverage territory."

59. The Dadario Lawsuit seeks damages for bodily injury which occurred during the policy period of the Zurich policy.

60. Pursuant to the General Liability coverage in the Zurich Policy, defendant owes Keystone and Swedesford a defense against the Dadario Lawsuit and indemnification for any judgment entered against them in the Dadario Lawsuit.

61. The coverage afforded Keystone and Swedesford by the Commercial Liability coverage in the Zurich Policy is primary to, and may not seek contribution from, the coverage afforded to Keystone and Swedesford by the Fireman's Fund policy. Exhibit E at "Commercial

10

General Liability Coverage Form," Section IV, ¶ 4.

62. Pursuant to the Other Insurance Clause to the Fireman's Fund Policy, the Fireman's Fund Policy is excess over the Zurich Policy. See Exhibit D at "Commercial General Liability Coverage Form," Section IV, ¶ 4(b)(2).

63. Pursuant to the General Liability coverage in the Zurich Policy, Fireman's Fund is entitled to reimbursement of all costs and expenses incurred in the defense of Keystone and Swedesford against the Dadario lawsuit, as well as reimbursement of any judgment against Swedesford and Keystone that Fireman's Fund may be required to indemnify.

## COUNT I - DECLARATORY JUDGMENT
### Plaintiffs v. Defendant

64. Plaintiffs incorporate paragraphs 1 through 63 of their complaint by reference as if the same had been fully set forth here at length.

65. This Petition for Declaratory Judgment is brought pursuant to 28 U.S.C. § 2201 for the purpose of determining a question in actual controversy between the parties.

66. Swedesford and Keystone are entitled to insurance coverage from defendant pursuant to the OCPLP and General Liability coverages in the Zurich Policy.

67. The coverage afforded Swedesford and Keystone under the Fireman's Fund Policy is excess over the coverage afforded under the Zurich Policy, which is primary.

68. On November 13, 2009 and December 10, 2009, Fireman's Fund tendered the defense of Swedesford and Keystone to Zurich.

69. To date, Zurich has failed to acknowledge or accept the tender, and has failed to provide insurance coverage to Swedesford and Keystone.

11

70. Due to Zurich's failure to provide insurance coverage as required by its insurance policy, Fireman's Fund has incurred and continues to incur costs and expenses in connection with the defense of Swedesford and Keystone in the Dadario lawsuit.

71. Due to Zurich's failure to provide insurance coverage as required by its insurance policy, Fireman's Fund may be required to indemnify Swedesford and Keystone for any judgment entered against them in the Dadario lawsuit.

72. Pursuant to 28 U.S.C. § 2201, plaintiffs seek a declaration that:

    a. Swedesford and Keystone are entitled to insurance coverage under the Zurich Policy;

    b. defendant is required to defend Swedesford and Keystone against the Dadario lawsuit;

    c. defendant is required to indemnify Swedesford and Keystone against any judgment that may be entered against them in the Dadario Lawsuit;

    d. the insurance afforded by the Zurich Policy is primary and the insurance afforded by the Fireman's Fund Policy is excess;

    e. defendant is obligated to reimburse Fireman's Fund for all costs expended in the defense of Swedesford and Keystone against the Dadario Lawsuit; and

    f. defendant is required to reimburse Fireman's Fund for any judgment or settlement that plaintiff may be required to satisfy on behalf of Swedesford and Keystone arising out of the Dadario lawsuit.

73. A judgment of this Honorable Court will clarify and settle the legal relations at issue between the parties.

74. A judgment of this Honorable Court in this action will determine, terminate and afford relief from the uncertainty, insecurity and the controversy giving rise to this action.

WHEREFORE, plaintiffs, Fireman's Fund Insurance Company, 580 & 530 Swedesford Associates, L.P., and Keystone Property Group, GP, LLC, respectfully request that this Court enter an Order declaring that (1) 580 & 530 Swedesford Associates, L.P. and Keystone Property Group, GP, LLC are entitled to insurance coverage under the Zurich Policy; (2) defendant Zurich-American Insurance Company is required to defend 580 & 530 Swedesford Associates, L.P. and Keystone Property Group, GP, LLC against the Dadario lawsuit; (3) defendant Zurich-American Insurance Company is required to indemnify 580 & 530 Swedesford Associates, L.P. and Keystone Property Group, GP, LLC against any judgment that may be entered against them in the Dadario Lawsuit; (4) the insurance afforded by the Zurich Policy is primary and the insurance afforded by the Fireman's Fund Policy is excess; (5) defendant Zurich-American Insurance Company is obligated to reimburse plaintiff Fireman's Fund Insurance Company for all costs expended in the defense of 580 & 530 Swedesford Associates, L.P. and Keystone Property Group, GP, LLC against the Dadario Lawsuit; and (6) defendant Zurich-American Insurance Company is required to reimburse Fireman's Fund Insurance Company for any judgment or settlement that it may be required to satisfy on behalf of 580 & 530 Swedesford Associates, L.P. and Keystone Property Group, GP, LLC arising out of the Dadario lawsuit, plus interest, counsel fees, and costs.

## COUNT II - BREACH OF CONTRACT
**Plaintiffs v. Defendant**

75. Plaintiffs incorporate paragraphs 1 through 74 of their complaint by reference as if the same had been fully set forth here at length.

76. Schindler entered into a valid and enforceable contract with defendant to provide insurance under the Zurich Policy.

77. As named insureds and additional insureds under the Zurich Policy, Swedesford and Keystone are entitled to the benefits and promises contained in the Zurich insurance contract.

78. Pursuant to the terms of the Zurich Policy, defendant was and is obligated to defend Swedesford and Keystone against the Dadario Lawsuit, and pay any damages Swedesford and Keystone may be legally obligated to pay as a result of that suit.

79. Defendant breached the Zurich insurance contract by failing and refusing to defend Swedesford and Keystone against the Dadario Lawsuit and pay any damages that Swedesford and Keystone may be legally obligated to pay as a result of the Dadario Lawsuit.

80. As a direct and proximate result of defendant's breach of the Zurich insurance contract, plaintiffs have been forced to defend the claims alleged against Swedesford and Keystone in the Dadario Lawsuit, and may be required to satisfy any judgment entered against Swedesford and Keystone.

WHEREFORE, plaintiffs, Fireman's Fund Insurance Company, 580 & 530 Swedesford Associates, L.P., and Keystone Property Group, GP, LLC demand that judgment be entered in their favor and against defendant, Zurich-American Insurance Company in an amount in excess of $150,000, representing the costs of defending against the Dadario Lawsuit, as well as any amount that plaintiffs may be obligated to pay as damages in the Dadario Lawsuit, plus interest, counsel fees, and costs.

## COUNT III - BREACH OF DUTY OF GOOD FAITH
**Plaintiffs v. Defendant**

81. Plaintiffs incorporate paragraphs 1 through 80 of their complaint by reference as if the same had been fully set forth here at length.

82. Defendant owed a contractual duty of good faith and fair dealing to Swedesford and Keystone, as named and additional insureds on the Zurich Policy.

83. Defendant breached its duty of good faith and fair dealing in the following ways:

   a. Failing to defend Swedesford and Keystone against the claims asserted against them in the Dadario Lawsuit;

   b. Failing to reimburse plaintiffs for the costs of defending against the Dadario Lawsuit to date;

   c. Refusing to pay any damages that plaintiffs may be legally obligated to pay to as a result of the Dadario Lawsuit;

   d. Failing to acknowledge and act promptly upon written or oral communications with respect to claims arising under the Zurich insurance policy in violation of 40 P.S. § 1171.5(a)(10)(ii), and 40 P.S. § 1171.4.;

   e. Failing to provide a reasonable explanation of the basis for the denial of coverage, in violation of 40 P.S. § 1171.5(a)(10)(xiv), and 40 P.S. § 1171.4.

84. As a direct and proximate result of defendant's breach of the duty of good faith and fair dealing, plaintiffs have been forced to defend the claims alleged against Swedesford and Keystone in the Dadario Lawsuit, and may be required to satisfy any judgment entered against them.

WHEREFORE, plaintiffs, Fireman's Fund Insurance Company, 580 & 530 Swedesford

Associates, L.P., and Keystone Property Group, GP, LLC demand that judgment be entered in their favor and against defendant, Zurich-American Insurance Company in an amount in excess of $150,000, representing the costs of defending against the Dadario Lawsuit, as well as any amount that plaintiffs may be obligated to pay as damages in the Dadario Lawsuit, plus interest, counsel fees, and costs.

Respectfully submitted,

**BENNETT, BRICKLIN & SALTZBURG LLC**

BY: _____
WARREN F. SPERLING, ESQUIRE
ID NO. 36676
sperling@bbs-law.com
JOEL PAUL FISHBEIN
ID NO. 12271
fishbein@bbs-law.com
NICHOLAS A. CUMMINS, ESQUIRE
ID. NO. 203238
cummins@bbs-law.com
1601 Market Street, 16th Floor
Philadelphia, PA 19103
215-665-3400
Attorneys for Plaintiffs

Date: July 2, 2010

%JS 44  (Rev. 12/07)

# CIVIL COVER SHEET

10-cv-3217

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Fireman's Fund Insurance Company
580 & 530 Swedesford Associates LP
Keystone Properties Group GP LLC

(b) County of Residence of First Listed Plaintiff: Marin, CA
(EXCEPT IN U.S. PLAINTIFF CASES)

(c) Attorney's (Firm Name, Address, and Telephone Number)
Bennett, Bricklin & Saltzburg LLC
1601 Market Street, 16th Floor, Philadelphia, PA 19103
(215) 561-4300

## DEFENDANTS
Zurich-American Insurance Company     10  3217

County of Residence of First Listed Defendant: New York, NY
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- ☐ 1  U.S. Government Plaintiff
- ☐ 2  U.S. Government Defendant
- ☐ 3  Federal Question (U.S. Government Not a Party)
- ☒ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☒ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☒ 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | PROPERTY RIGHTS | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | PERSONAL PROPERTY | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 370 Other Fraud | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | LABOR | SOCIAL SECURITY | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus: | ☐ 791 Empl. Ret. Inc. Security Act | FEDERAL TAX SUITS | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS-Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | IMMIGRATION | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 463 Habeas Corpus - Alien Detainee | | |
| | | | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C § 1332 and 22 U.S.C. § 2201
Brief description of cause:
Declaratory Judgment/Breach of Contract

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ 150,000+, Dec. Judg
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE: 7/2/10
SIGNATURE OF ATTORNEY OF RECORD: Nicholas A. Cummins

FOR OFFICE USE ONLY

RECEIPT #_____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

JUL 2 2010

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

## Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.** **(a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

  **(b) County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

  **(c) Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

**III.** **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.** **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.** **Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

**VI.** **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553
  Brief Description: Unauthorized reception of cable service

**VII.** **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases.** This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

**UNITED STATES DISTRICT COURT**

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 777 San Marin Drive, Novato, CA 94998; 1 Presidential Blvd., Suite 300, Bala Cynwyd, PA 19004

Address of Defendant: One Liberty Plaza, 162 S Broadway, 32nd Floor, New York, NY 10006

Place of Accident, Incident or Transaction: 530 E. Swedesford Road, Wayne, PA
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))   Yes ☒   No ☐

Does this case involve multidistrict litigation possibilities?   Yes ☐   No ☒
RELATED CASE, IF ANY:

Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes ☐   No ☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes ☐   No ☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?   Yes ☐   No ☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes ☐   No ☒

---

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify)

B. *Diversity Jurisdiction Cases:*
1. ☒ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify)

**ARBITRATION CERTIFICATION**
*(Check appropriate Category)*

I, Nicholas A. Cummins, counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☒ Relief other than monetary damages is sought.

DATE: 7/2/10   _____ Attorney-at-Law _____   203238 Attorney I.D.#

JUL 2 2010

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 7/2/10   _____ Attorney-at-Law _____   203238 Attorney I.D.#

CIV. 609 (6/08)